UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY HARRIS,

                Plaintiff,

-v-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

No. 07 Civ. 7894 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Tony Harris, presently incarcerated at the Anna M. Cross Center in East Elmhurst, New York, and proceeding *pro se*, brings this action against defendants City of New York (the "City"), "Warden C-95," "C.O. Miller," "C.O. Meadows," "C.O. Bonilla," and "C.O. Green."[1] (*See* Am. Compl.) Plaintiff asserts in the Amended Complaint that he was assaulted by various defendants on two separate occasions, and suffered injuries including, *inter alia*, a fractured jaw and damage to his ear. He also alleges that defendants deprived him of medical treatment and falsified reports in response to plaintiff's grievances. Plaintiff seeks an injunction as well as monetary damages.

    The City and Warden C-95 have been served with the summons and complaint. However, to date, plaintiff has been unable to serve defendants C.O. Miller, C.O. Meadows, C.O. Bonilla, and C.O. Green. Plaintiff's time for service of the complaint expired on May 14, 2008 as per this Court's April 15, 2008 Order. On June 24, 2008, Harris filed a "Motion to Compel Identification and Service," listing certain identifying features of the various unserved defendants, as well as requesting "photos of all named defendant-employees." (Pl.'s Motion at 2.)

---

[1] The Amended Complaint also references several other officers, including "Officer Walker," and other John Does.

"[T]he district court has a duty to assist pro se plaintiffs in ascertaining the identities of the defendants, particularly where . . . the plaintiff is incarcerated and cannot carry out a full pretrial investigation." *Robinson v. Matos*, No. 97 Civ. 7144 (TPG), 1999 WL 225938 at *4 (S.D.N.Y. Apr. 16, 1999); *see Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that "the district court may pursue any course that it deems appropriate to a further inquiry into the identity of [a defendant]"). Moreover, a district court is permitted to extend the deadline for service of a complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for "good cause."

The Court finds that plaintiff has shown good cause for his failure to serve the complaint in a timely manner — namely, that he has been unable to fully identify all defendants. Accordingly, the Court directs the City to assist plaintiff in identifying the officers who came into contact with Harris as described in his complaint and his June 24 motion, and to provide him and this Court, **within 45 days** of this Order, with each officer's name and last known address. *See Flemming v. Velardi*, No. 02 Civ. 4113 (AKH), 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003) (construing letter and motion for summary judgment from *pro se* prisoner-plaintiff as leave to amend complaint and request for discovery of ten unnamed defendant police officers' identities, and directing government attorney to provide plaintiff with the name and last known address for plaintiff's arresting officers).

Once informed of the defendants' identities and addresses, Harris must file a second amended complaint identifying all defendants by their full names, **no later than 30 days** after receiving the names from the City. Harris must then request an amended summons and a new service package from the *Pro Se* Office of this Court. Upon receiving those documents, Harris must fill out the forms and provide the Marshals with the proper documents so that they may

2

serve the summons and amended complaint. If Harris would like further assistance, he may contact the *Pro Se* Office of this Court at 500 Pearl Street, Room 230, New York, New York 10007, telephone (212) 805-0175. **Failure to comply with this deadline may result in the dismissal of the plaintiff's complaint pursuant to Rule 41.**

Given the above directives of the Court, Plaintiff's request for photos of the defendants is denied as moot.

The Clerk of the Court is respectfully directed to terminate the motion located at document number 16.

SO ORDERED.

Dated:   July 8, 2008
         New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

3